UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Dale Richardson, #269166, | ) C/A No. 4:12-3498-RBH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Inmate Records Supervisor;<br>Kela Thomas, Director SCDPPPS;<br>Valerie Suber, Parole Exam Manager;<br>Attorney Dayne Haile, Office of General Counsel;<br>SCDC Classification Persons and Responsible Officials;<br>Warden Reynolds, Kershaw CI;<br>Warden Mackey, Kirkland C.I., and<br>Tyson Andrew Johnson, Attorney General, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Curtis Dale Richardson ("Plaintiff") alleges that un-specified prison and/or Department of Probation, Parole, and Pardon Services officials and/or employees improperly changed his current sentence's parole status from parole-able, non-violent to non-parole-able without cause, that others with knowledge and ability refused to correct the mistake, and that he is now being unconstitutionally deprived of parole eligibility and hearings. Even though he has another virtually identical case currently before this court that has a pending Report and Recommendation to which he filed objections, *Richardson v. Haley*, C/A No. 4:12-2850-RBH (ECF Nos. 11, 15)("pending case"), and which has a pending Motion to Amend (ECF No.

16), Plaintiff asserts that he needed to file this new case because of mental and physical problems he was allegedly having after his most recent arrest and the filing of the Complaint in the pending case. However, review of the Complaint in this case discloses that the subject matter of both cases is identical and the Defendants are virtually the same. It also appears that the Complaint in this case suffers from many, if not most, of the same infirmities (conclusory language, lack of specificity as to each Defendants' actions *vis a vis* potential liability) as the Complaint in the pending case.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the

Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This case is duplicative of Plaintiff's other pending case: Civil Action No.4:12-2850-RBH. This court will not entertain two separate, basically identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).[1]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the duplicative Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

---

[1] It is noted that the complaint filed in this action suffers the same problems with lack of factual content, conclusory language, and failure to identify the role or roles played by individual Defendants in the alleged classification change.

4

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 31, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).