IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Dale Richardson, ) | Civil Action No.: 4:12-cv-03498-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Inmate Records Supervisor; Kela ) | |
| Thomas, Director SCDPPPS; Valerie ) | |
| Suber, Parole Exam Manager; ) | |
| Attorney Dayne Haile, Office of ) | |
| General Counsel; SCDC ) | |
| Classification Persons and ) | |
| Responsible Officials; Warden ) | |
| Reynolds, Kershaw CI; Warden ) | |
| Mackey, Kirkland C.I., and Tyson ) | |
| Andrew Johnson, Attorney General, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Curtis Dale Richardson, a state prisoner proceeding *pro* se, filed this action, alleging that the above-captioned Defendants conspired and retaliated against him, illegally classifying him as violent and preventing him from becoming eligible for parole. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against Defendants *without prejudice* and without service of process as duplicative to a pending action.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his complaint in December 2012, alleging that unspecified prison and/or Department of Probation, Parole and Pardon Services officials and/or employees improperly changed his current sentence's parole status from paroleable, non-violent to non-paroleable without cause, that others with knowledge and ability refused to correct the mistake, and that he is now being unconstitutionally deprived of parole eligibility and hearings. Compl., ECF No. 1. The Magistrate Judge issued his R&R on January 31, 2013, concluding that Plaintiff's complaint involves issues that are virtually identical to a case currently before this Court, *Richardson v. Haley*, No. 4:12-cv-02850-RBH, and that the complaint should thus be dismissed *without prejudice*. R&R ECF No. 12. Plaintiff filed timely objections to the R&R on February 11, 2013.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of

objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge concluded that the action at bar is "virtually identical" to a previous case filed by Plaintiff and pending before this Court and recommending dismissing this action as duplicative. In his objections, Plaintiff "objects to the Magistrate's conclusion that this complaint is identical to 4:12-2850-RBH (pending case) and his conclusion that [Plaintiff] alleged unspecified prison and/or Dept of Probation Parole Pardon Services officials changed [his] sentence." Objs. 1. Plaintiff's second objection is irrelevant to the basis on which Magistrate Judge recommended dismissal, and, thus, the Court need not address it. Plaintiff's first objection, however, requires some discussion.

Specifically, Plaintiff argues that this action is different from the related action because he realized after he filed the related action that he "did have other claims against other defendants and other agencies that could be barred by the statute of limitations if not filed immediately." Although, he makes this argument, he does not specific precisely why these "other claims" require a second action. His argument is unpersuasive given the fact that, in his complaint, Plaintiff answered "Yes" to the question, "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?" Compl. 1. He went on to list the related case. The Magistrate Judge's recommendation is, therefore, appropriate. Actions that are identical to a pending action are superfluous and thus frivolous. The interests of judicial economy underlying *res judicata*, including the conservation of judicial resources and the prevention of piecemeal litigation, are applicable here. *See* 18 Charles Alan Wright, Arthur R.

Miller & Edward H. Cooper, Federal Practice and Procedure § 4403 (2d ed. 2002); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Yet, until there is a determination of Plaintiff's related action on its merits, dismissal *without prejudice* is appropriate. *See* 28 U.S.C. § 1915A(b)(1) (requiring the Court to dismiss the complaint if it is frivolous).

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

> s/ R. Bryan Harwell
> R. Bryan Harwell
> United States District Judge

Florence, South Carolina
March 29, 2013